# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM J. GRADFORD,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>ANDY GRAY,<br><br>　　　　　Defendant. | Case No. 1:22-cv-01304-SAB<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING CERTAIN CLAIMS<br><br>(ECF Nos. 11, 12)<br><br>**OBJECTIONS DUE WITHIN FOURTEEN DAYS** |

　　　　On October 13, 2022, Plaintiff William J. Gradford ("Plaintiff"), a state prisoner (BR-7892) proceeding *pro se* and *in forma pauperis*, initiated this civil rights action pursuant to 42 U.S.C. § 1983 on October 13, 2022, against Defendant Officer Andy Gray.  (ECF No. 1.) Plaintiff's complaint was screened and found to state a cognizable claim. (ECF No. 11.) Plaintiff was ordered to either file a first amended complaint or notice of intent to proceed on the cognizable claim within thirty days.  (Id. at 14.)  On March 17, 2023, Plaintiff filed a notice stating that he wished to proceed on the cognizable claim.  (ECF No. 12.)  Accordingly, the Court recommends that this action proceed on Plaintiff's claim that Defendant Officer Andy Gray ("Defendant") extended his probation based on fabricated evidence in retaliation for Plaintiff

filing complaints, and that all other claims be dismissed for failure to state a claim.[1]

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a

---

[1] As an initial matter, the Court notes Plaintiff indicates he has filed 13 prior civil lawsuits (ECF No. 1 at 2–4); however, a review of PACER indicates that number is closer to 30 lawsuits (filed from 2017 to present), within the Eastern District of California.  Two cases are of particular interest to this Court, as they unquestionably constitute "strikes" under 28 U.S.C. § 1915(g): (1) Gradford v. Tiexiera, No. 1:19-cv-01783-DAD-SKO (E.D. Cal. Dec. 23, 2019) (dismissal of claims as facially time-barred, Mar. 2020), see Belanus v. Clark, 796 F.3d 1021, 1053 (9th Cir. 2015) (dismissal for failure to state a claim because claim is time-barred counts as a strike); and (2) Gradford v. Walczack, No. 1:20-cv-00370-AWI-EPG (E.D. Cal. Mar. 11, 2020) (dismissed for failure to state a claim, Oct. 2020). In addition, there is a question as to whether other prior dismissals may be counted as strikes.  For example, Plaintiff filed three cases which clearly contemplated claims previously dismissed pursuant to a May 2019 settlement agreement reached in a prior litigation: (1) Gradford v. Baez, No. 1:20-cv-00858-ADA-CDB (E.D. Cal. Jun. 22, 2020) (granting motion to dismiss based on May 2019 settlement agreement, rejecting Plaintiff's request for voluntary dismissal); (2) Gradford v. Freddie, No. 1:19-cv-01252-DAD-EPG (E.D. Cal. Sept. 9, 2019) (construing Plaintiff's filings as voluntary dismissal pursuant to May 2019 settlement agreement); (3) Gradford v. Velasco, No. 1:20-cv-00543-DAD-EPG (E.D. Cal. Apr. 16, 2020) (same).  It is possible these cases may be construed to have not been filed in good faith, which has been held to be equivalent to a finding of "frivolousness" contemplated under § 1915(g).  Plaintiff also filed a lawsuit in which, prior to its dismissal, the court found the complaint was "strikingly similar" to a previously dismissed action.  See Gradford v. Perea, No. 1:20-cv-01342-DAD-EPG (E.D. Cal. Sept. 21, 2020).  Thus, it remains a question as to whether this action should be deemed sufficiently repetitive and duplicative as to be deemed "frivolous" or "malicious," under § 1915(g).  See Pittman v. Moore, 980 F.2d 994, 994–95 (5th Cir. 1993).  Plaintiff also filed a lawsuit which was deemed "voluntarily dismissed" after findings and recommendations were issued recommending dismissal of the action with prejudice for failure to state a claim, but before the district judge adopted the findings and recommendations.  Gradford v. USDC Eastern Dist. of Cal., No. 1:21-cv-01596-ADA-SKO (E.D. Cal. Nov. 1, 2021).  As to whether this dismissal is properly deemed a strike, the Court acknowledges the Ninth Circuit has not ruled directly on this issue, and there is a split of authority in the circuits and district courts as to whether a dismissal under such circumstances constitutes a strike.  Compare Tiedmann v. Church of Jesus Christ of Latter Day Saints, 631 Fed. App'x 629, 631 (10th Cir. 2015) (no strike where complaint was dismissed for failure to state a claim and case was voluntarily dismissed after counsel was appointed to determine whether there were any viable claims to include in amended complaint) with Large v. Beckham Cnty. Dist. Ct., 558 Fed. App'x 827, 829 (10th Cir. 2014) (plaintiff cannot use a voluntary dismissal under Rule 41(a) "to avoid the effect of a 'strike' under 28 U.S.C. § 1915(g) once his case was already screened and found meritless" (citations omitted)), Taylor v. First Med. Mgmt., 508 Fed. App'x. 488, (6th Cir. 2012) ("plaintiff cannot avoid incurring a strike by simply voluntarily dismissing a claim" because it would "subvert the purposes of the PLRA [(the Prison Litigation Reform Act)]"), Hines v. Graham, 320 F. Supp. 2d 511 (N.D. Tex. 2004) (where controlling authority did not "address the relationship between Rule 41(a)(1) and the prisoner litigation provisions enacted by the PLRA, recommending denial of voluntary dismissal following finding that complaint failed to state a claim, noting "Plaintiff should not be permitted to contravene the PLRA by voluntarily dismissing this complaint to avoid accumulating his third strike."), and Chambers v. Laske, No. 2:18-cv-3470 MWF KES, 2018 WL 3219649 (C.D. Cal. May 11, 2018) (voluntary dismissal after complaint dismissed with leave to amend constituted a strike), report and recommendation adopted, 2018 WL 3219644 (C.D. Cal. Jun. 28, 2018).  See also Harris v. Mangum, 863 F.3d 1133, 1143 (9th Cir. 2017) (holding, in case of involuntary dismissal, "when (1) a district court dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint, the dismissal counts as a strike under § 1915(g)."). Finally, the Court acknowledges the possibility that Plaintiff's application to proceed *in forma pauperis* may be denied in future similar filings based on his frivolous/abusive filings practices.  See Butler v. Dept. of Justice, 492 F.3d, 445–47 (D.C. Cir. 2007) (declaring prisoner an "abusive filer," finding his filing practices "constitute[d] a pattern of frivolousness or harassment of either defendants or the court," and denying IFP where prisoner had filed at least 25 actions and appeals, at least eight of which were filed over the course of the previous four years) (citations omitted).  In any event, this Court declines to *sua sponte* reach a determination as to whether Plaintiff should be declared to be a three-strike litigant in the instant matter.

governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief …." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal (Iqbal), 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly (Twombly), 550 U.S. 544, 555 (2007)). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient …." Ivey v. Bd. of Regents of the Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).

Prisoners proceeding *pro se* in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678–79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

As a general rule, the Court must limit its review to the operative complaint and may not consider facts presented in extrinsic evidence. See Lee v. City of L.A., 250 F.3d 668, 688 (9th Cir. 2001). Materials submitted as part of the complaint, however, are not "outside" the complaint and may be considered. Id.; Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). Moreover, the Court is not required to accept as true conclusory allegations which are contradicted by exhibits to the complaint. See Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001), amended on denial of reh'g, 275 F.3d

1187 (9th Cir. 2001); Steckman v. Hart Brewing, Inc., 143 F.3d 1293, 1295–96 (9th Cir. 1998). Leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. Cato v. U.S., 70 F.3d 1103, 1106 (9th Cir. 1995).

## II.

## PROCEDURAL POSTURE

The Court notes Plaintiff previously filed a civil action containing allegations that are nearly identical in substance to those asserted in the instant complaint, which was also before this Court for screening purposes. Gradford v. Gray (Gray I), No. 1:21-cv-00421-AWI-SAB. Plaintiff filed Gray I on March 15, 2021. Gray I, at ECF No. 1. In that action, the Court screened the complaint and determined Plaintiff stated a potentially cognizable claim for retaliation against Defendant Gray, based on the allegation that Gray fabricated information to extend Plaintiff's probation period after he discovered that Plaintiff was going to file a citizen's complaint against him. Id. at ECF No. 4. However, the Court found Plaintiff did not allege facts sufficient to state any other claim against Gray or another defendant. Id. Plaintiff was given the opportunity to either file an amended complaint to cure the deficiencies identified by the screening order, or to file a notice with the Court that he elected to proceed on the retaliation claim only. Id. On April 5, 2021, Plaintiff filed a notice of his intent to proceed solely on the retaliation claim as asserted against Defendant Gray. Id. at ECF No. 5. Accordingly, the Court issued findings and recommendations, recommending that the action proceed on Plaintiff's retaliation claim against Gray, and all other potential claims be dismissed for failure to state a claim. Id. at ECF No. 6.

Confusingly, Plaintiff thereafter filed a "request to withdraw response to findings and recommendations in this case," despite having filed no response to the findings and recommendations. Id. at ECF No. 7. The filing, which is entirely unintelligible, mentions "extraordinary circumstances," "emergency," Rule 60, another case, Gradford v. F. Velasco, 1:20-cv-00543-NONE-EPG PC, and "Proper Jurisdiction intended to amend." Id. On April 15, 2021, noting it was unclear from Plaintiff's filing whether he was seeking to dismiss the action, or seeking leave to amend, the Court issued an order requiring Plaintiff to file either an amended complaint or notice of voluntary dismissal. Id. at ECF No. 8. Plaintiff was cautioned that failure

4

to comply with the Court's order might result in issuance of sanctions, including dismissal. Id.

Plaintiff did not comply with the Court's order. Instead, on April 19, 2021, he filed a "motion for reconsideration," which consisted of a caption page and nothing else, id. at ECF No. 10; and on May 6, 2021, he filed a notice titled "Order Requiring Plaintiff File an Amended Complaint or Notice of Voluntary Dismissal," which merely restated the language from the Court's April 15, 2021 order but still did not indicate whether Plaintiff intended to amend or dismiss the complaint, id. at ECF No. 12. On May 19, 2021, the district judge issued an order in which he acknowledged Plaintiff's prior filings, noted they were noncompliant with the Court's orders, and concluded Plaintiff intended to stand by his previous notice to proceed on the cognizable claims. Id. at ECF No. 13. Accordingly, the district judge adopted the findings and recommendations in full, directed the action to proceed on Plaintiff's retaliation claim against Gray, and dismissed all other claims for failure to state a claim. Id. That same day, the Court issued an order in which it authorized service of the complaint and directed Plaintiff to complete and return the service documents within 30 days. Id. at ECF No. 14.

On July 2, 2021, Plaintiff filed objections to the findings and recommendations; these were disregarded as unsigned. Id. at ECF Nos. 15, 16. Next, Plaintiff filed a motion to resend service documents, which the Court granted. Id. at ECF Nos. 17, 18. On August 12, 2021, Plaintiff sought additional time to effect service, which the Court granted. Id. at ECF Nos. 19, 20. On August 23, 2021, the Court updated Plaintiff's address, based on a notice of change of address Plaintiff filed in a different pending case, Gradford v. United States District Court Eastern District of California, No. 1:21-cv-01019-DAD-BAM (E.D. Cal. Jun. 28, 2021), and the Court re-served its prior orders. See Gray I, at ECF No. 21.

On September 30, the Court issued findings and recommendations to dismiss the action for failure to comply with court orders and failure to prosecute. Id. at ECF No. 22. Plaintiff filed objections to these findings and recommendations on October 8, 2021. Id. at ECF No. 23. But, again, these "objections" consisted of merely a caption page and no legal argument. See id. Thus, on November 18, 2021, the district judge issued an order in which he adopted the findings and recommendations in full and dismissed the action. Id. at ECF No. 25.

Approximately ten months later, on September 30, 2022, Plaintiff submitted a filing titled "request [for] permission to refile this case/direct clerk to send free copy of original complaint," which, again, contained no substantive argument in support of Plaintiff's request. Id. at ECF No. 27. On October 5, 2022, the filing was construed as a motion to reopen the case pursuant to Federal Rule of Civil Procedure ("Rule") 60(b), and was denied for lack of any discernable basis to reopen; nonetheless, the Court noted Plaintiff was not precluded from refiling the action, as the prior dismissal was without prejudice. Id. at ECF No. 28.

On October 13, 2022, Plaintiff filed the complaint in the instant action. (ECF No. 1.)

## III.

## COMPLAINT ALLEGATIONS

The Court accepts Plaintiff's allegations in the first amended complaint as true only for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

While Plaintiff is currently incarcerated at San Quentin State Prison, the incidents that are the subject of the instant lawsuit occurred while Plaintiff was a releasee on probation. Plaintiff alleges that from approximately May 4, 2020 to February 5, 2021, Defendant Officer Andy Gray was his probation officer. (ECF No. 1 at 5.) Plaintiff alleges Defendant works with many other probation officers that Plaintiff has sued in the past in previous civil lawsuits. (Id.) Plaintiff alleges Defendant committed many retaliatory acts during this period. (Id.)

Plaintiff's brother, Alonzo Gradford, is a well-known and well-connected attorney in Stanislaus County. (Id.) Alonzo knows Defendant, and his office is one block away from the probation office. (Id.) Alonzo also knows many Stanislaus County deputies against whom Plaintiff previously filed civil lawsuits. (Id.)

Plaintiff alleges he wore an ankle monitor during that time, followed all court orders, and obeyed all the terms of his probation. (Id.) Plaintiff alleges he did not get in any trouble. (Id.) Plaintiff alleges Defendant retaliated against him for "speaking up against many authorities and [Gray]." (Id. at 6.) During the ten months[2] when Defendant was Plaintiff's probation officer,

---

[2] The Court notes Plaintiff's allegation that Defendant was his probation officer from approximately May 4, 2020 to February 5, 2021, suggests a duration of nine months; however, Plaintiff alleges Defendant was his probation officer for ten months. (See id.)

6

1    Plaintiff alleges he would apply for jobs that wanted to interview him but, days later, changed
2    their minds. (Id.) He stopped receiving mail, especially unemployment checks from the
3    unemployment office ("EDD"). (Id.) However, after Defendant was no longer Plaintiff's
4    probation officer, Plaintiff received a letter from the EDD "out of the 'blue' " and is now
5    receiving his mail. (Id.) Plaintiff contends that these are just some of the things that Defendant,
6    Alonzo, and others involved are doing to him. (Id.)

7    Around January 12, 2021, Defendant visited Plaintiff at his home and told him to call
8    Defendant in about three weeks to get the exact date because he was going to be getting off
9    probation. (Id.) Three weeks later (approximately February 3, 2021), Plaintiff went to the
10   probation office, but Defendant was not in, so Plaintiff spoke to a woman at the office instead.
11   (Id.) Plaintiff told the woman what Defendant had said and she told Plaintiff that he was getting
12   off probation around February 5, 2021. (Id. at 6–7.) Before Plaintiff left, he asked the woman for
13   a citizen complaint form to file a complaint against Defendant. (Id. at 7.) Plaintiff alleges he had
14   been planning to file a complaint against Defendant but Defendant did not know that. (Id.)
15   Plaintiff asked for Defendant's business card but the woman informed Plaintiff he would have to
16   come back when Defendant was in. (Id.)

17   When Plaintiff returned to the probation office the next day, Defendant called Plaintiff
18   into his office and appeared very agitated and angry. (Id.) Defendant spoke in a strong and angry
19   tone stating the woman had told him that Plaintiff got a complaint form, and Plaintiff believed he
20   was being arrested. (Id.) Defendant asked Plaintiff what he had against probation. (Id.) As
21   Plaintiff started to talk, Defendant cut him off, asking Plaintiff why he was writing all these
22   complaints against probation; Plaintiff alleges Defendant was referencing Plaintiff's prior
23   complaints against Defendant's co-workers, who were Plaintiff's previous probation officers.
24   (See id.) Plaintiff explained to Defendant that he was all alone, without any help, and was trying
25   to protect himself from all the retaliation. (Id.) Plaintiff alleges Defendant "continued to
26   intimidate and harass [him], cutting [him] off from speaking or answering his very sarcastically
27   but serious angry/upset questions." (Id. at 7–8.) Then, Defendant asked Plaintiff what he had
28   against Alonzo and again cut Plaintiff off before he could answer. (Id. at 8.) Plaintiff alleges

7

Defendant was upset and abruptly stopped talking and turned to his computer and started typing. (Id.) Defendant said, "You know what … I got some bad news for you now. You['re] not getting off probation now." (Id.) Plaintiff contends Defendant "made stuff up" to justify keeping Plaintiff on probation longer, to stop Plaintiff from filing a complaint against him, and to take revenge against Plaintiff for previously filing a complaint against his co-workers. (Id.)

Defendant gave Plaintiff a sheet that contained new probation terms and told Plaintiff that he was signed up for some classes that were to start in four days. (Id.) However, when Plaintiff went to the class as directed, he was told that he was not signed up for any classes. (Id. at 8–9.) Thus, Plaintiff alleges Defendant "play[ed] mind and head games with [him]." (Id.)

Finally, Plaintiff alleges Defendant was also involved in retaliation with other officers who are the subjects of some of Plaintiff's other lawsuits. (Id. at 9.) Without explanation, but apparently in support of his claim, Plaintiff attaches 100 pages of exhibits, which include: a November 2020 police report regarding a purported shooting which Plaintiff reported (id. at 13–15); documents relating to Plaintiff's claim of mail delivery issues (id. at 16–18); instructions for submitting a citizen complaint (id. at 19–22); an illegible and redacted handwritten copy of Plaintiff's citizen complaint against Defendant (id. at 23–35); a copy of an attorney misconduct complaint Plaintiff filed against his brother (id. at 36–39); and what appears to be a handwritten explanation/description for multiple jail sentences Plaintiff served based on prior domestic violence charges and purportedly false accusations made by his ex-girlfriend (id. at 40–112).

Plaintiff seeks compensatory and punitive damages for the mental pain and suffering he experienced, as well as litigation costs. (Id. at 5, 12.)

## IV.

## DISCUSSION

### A.  Federal Rule of Civil Procedure 8

As noted, Rule 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." See Iqbal, 556 U.S. 662, 678–79 (2009). Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the claim … is and the grounds upon which it rests." Twombly, 550 U.S. 544, 555 (2007)

(internal quotations omitted). Rule 8 requires "each averment of a pleading to be 'simple, concise, and direct.'" See McHenry v. Renne, 84 F.3d 1172, 1177–79 (9th Cir. 1996) (affirming dismissal of complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant"). To comply with Rule 8, a complaint should clearly and fully set forth "who is being sued, for what relief, and on what theory, with enough detail to guide discovery." Id. at 1178. Further, "each claim founded on a separate transaction or occurrence … must be stated in a separate count." Fed. R. Civ. P. 10(b); see also Hendrix v. Health & Soc. Servs. of Solano Cnty., No. 2:15-cv-02689-MCE-EFB PS, 2017 WL 4004168, at *5 (E.D. Cal. Sept. 12, 2017) (requiring "clear headings to delineate each claim alleged and against which defendant"), report and recommendation adopted, 2017 WL 4340166 (E.D. Cal. Sept. 29, 2017).

"Shotgun pleading occurs when one party pleads that multiple parties did an act, without identifying which party did what specifically; or when one party pleads multiple claims, and does not identify which specific facts are allocated to which claim." Hughey v. Camacho, No. 13-2665, 2014 WL 5473184, at *4 (E.D. Cal. Oct. 23, 2014); see also Harrell v. Hornbrook Cmty. Serv. Dist., No. 2:14-cv-01595-KJM-GGH, 2015 WL 5329779, at *10 (E.D. Cal. Sept. 10, 2015). Thus, if the factual elements of a cause of action are present but are scattered throughout the complaint and not organized into a "short and plain statement of the claim," dismissal for failure to satisfy Rule 8 is proper. McHenry, 84 F.3d at 1178.

### B. Section 1983

Section 1983 provides a cause of action for the violation of a plaintiff's constitutional or other federal rights by persons acting under color of state law. 42 U.S.C. § 1983; Long v. Cnty. of L.A., 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). To state a claim under § 1983, a plaintiff is required to show that (1) each defendant acted under color of state law and (2) each defendant deprived him of rights secured by the Constitution or federal law. Benavidez v. Cnty. of San Diego, 993 F.3d 1134, 1144 (9th Cir. 2021) (citing Long, 442 F.3d at 1185; West v. Atkins, 487 U.S. 42, 48 (1988)). This requires the plaintiff to demonstrate that each defendant personally participated in the deprivation of his rights. Jones, 297 F.3d at 934; see also Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009);

Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)) (a deprivation occurs if the defendant "does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do"). In other words, to state a claim for relief under § 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of his federal rights. Moreover, the complaint must allege that each defendant acted with the requisite state of mind to violate the underlying constitutional provision. OSU Student All. v. Ray, 699 F.3d 1053, 1070 (9th Cir. 2012).

The instant complaint purports to assert a single cause of action for retaliation pursuant to the First Amendment against Andy Gray, the only named Defendant in this action. (See ECF No. 1 at 1, 5.) Presumably, as Plaintiff is the master of his own complaint, the fact that the only defendant Plaintiff names is Officer Gray signifies that the complaint is intended to proceed only against Defendant Gray. In an abundance of caution, however, the Court also notes Plaintiff alleges facts describing his brother, Alonzo Gradford, and fleetingly references other "Stanislaus County deputies," and "other officers" who are the subjects of some of Plaintiff's other lawsuits (see id. at 5, 9), stating they all retaliated against him (id. at 6). Similarly, the complaint also includes vague references to multiple, undescribed, and seemingly unrelated acts of purported retaliation. These references all run afoul of Rule 8's prohibition against shotgun pleadings and requirement that each cause of action be separately identified, however, as Plaintiff does not identify specific actions taken by any individual other than Defendant Gray. Nor does Plaintiff sufficiently identify any other individual who took actions against him. As a result, the collective unnamed defendants "cannot adequately prepare a defense without knowing which Defendant faces which allegations." Hughey, 2014 WL 5473184, at *4. Accordingly, the Court finds that any purported claims against unnamed officers or individuals violate Rule 8 and the linking requirements to state a claim under § 1983.

**C.     Retaliation**

"The First Amendment forbids government officials from retaliating against individuals for speaking out." Blair v. Bethel Sch. Dist., 608 F.3d 540, 543 (9th Cir. 2010). Under § 1983,

retaliation by a state actor for the exercise of a constitutional right is actionable even though the action, if taken for different reasons, would have been proper. Mt. Healthy City Bd. of Educ. v. Doyle, 429 U.S. 274, 283–84 (1977); Wilson v. City of Fountain Valley, 372 F. Supp. 2d 1178, 1186 (C.D. Cal. 2004). To state a claim, a plaintiff must show he was engaged in protected conduct and adverse action was taken against him because of that protected conduct. Wilson, 372 F. Supp. 2d at 1186; see also Blair, 608 F.3d at 543 (to prevail on a retaliation claim, "a plaintiff must prove: (1) he engaged in constitutionally protected activity; (2) as a result, he was subjected to adverse action by the defendant that would chill a person of ordinary firmness from continuing to engage in the protected activity; and (3) there was a substantial causal relationship between the constitutionally protected activity and the adverse action."); see also Grenning v. Klemme, 34 F. Supp. 3d 1144, 1153 (E.D. Wash. 2014) (to state a cognizable retaliation claim, a plaintiff must establish a nexus between the retaliatory act and the protected activity); Thomas v. City of Beaverton, 379 F.3d 802, 812 (9th Cir. 2004) (causal link between a protected activity and alleged retaliatory action "can be inferred from timing alone when there is a close proximity between the two." (citation and internal quotation marks omitted)).

Here, Plaintiff alleges there was constant ongoing retaliation and retaliatory acts due to his complaints. However, Plaintiff does not allege any causal connection between the majority of the acts alleged in the complaint and Defendant Gray sufficient to state a claim. See Turner v. Smith, No. 11-cv-5176 CRB, 2017 WL 897333, at *6 (N.D. Cal. Mar. 7, 2017), aff'd, 734 Fed. App'x 460 (9th Cir. 2018) (a retaliation claim requires a causal connection between the retaliatory animus of one person and that person's own injurious action). For example, Plaintiff contends that he applied for jobs and did not get them and that he was not receiving mail, specifically from the EDD. But there are no facts alleged in the complaint to link Defendant to Plaintiff's failure to be hired or his mail service. As the Court noted, the "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969. Thus, Plaintiff's speculation is insufficient to state a cognizable claim.[3] See also Iqbal, 556 U.S.

---

[3] In addition to Rule 8 pleading requirements, to the extent Plaintiff attempts to assert a retaliation claim against

at 680 (noting complaint is properly dismissed where a plaintiff fails to "nudge [his or her] claims … across the line from conceivable to plausible").

To the extent Plaintiff attempts to assert a retaliation claim based on the allegation that Defendant required him to wear ankle monitors and refused to allow him to transfer out of Stanislaus County during the time that he was on probation, Plaintiff has not alleged any facts that would lead to the reasonable inference that requiring the use of ankle monitors or refusal to allow Plaintiff to move out of the County was due to Plaintiff's protected conduct or that it was adverse action that could be attributed to Defendant. Thus, this allegation fails to establish the causal nexus between the retaliatory act and the protected activity required to state a claim for retaliation. See Grenning, 34 F. Supp. 3d at 1153. Nor has Plaintiff alleged any facts showing that requiring him to wear an ankle monitor or requiring him to remain in the county were not due to a valid court order. See Engebretson v. Mahoney, 724 F.3d 1034, 1042 (9th Cir. 2013) ("public officials who ministerially enforce facially valid court orders are entitled to absolute immunity."). Absent such a showing, the reasonable inference derived from Plaintiff's allegations is that Defendant would be entitled to quasi-judicial immunity for enforcing the court ordered terms of Plaintiff's probation. Id.; see also Valdez v. City & Cnty. of Denver, 878 F.2d 1285, 1286 (10th Cir. 1989) ("an official charged with the duty of executing a facially valid court order enjoys absolute immunity from liability for damages in a suit challenging conduct prescribed by that order").

However, Plaintiff's allegation that Defendant fabricated information to extend his probation after Plaintiff indicated he was going to file a complaint is sufficient to state a retaliation claim against Defendant Gray.

**D.  Conspiracy**

In the context of conspiracy claims brought pursuant to § 1983, a complaint must "allege [some] facts to support the existence of a conspiracy among the defendants." Buckey v. Cnty. of L.A., 968 F.2d 791, 794 (9th Cir. 1992); Karim-Panahi v. L.A. Police Dept., 839 F.2d 621, 626

---

Alonzo Gradford and unidentified "others involved" based on the purported failure to be hired or receive mail, Plaintiff fails to state a cognizable claim against these individuals, as well, for the same aforementioned reasons.

12

(9th Cir. 1988). Plaintiff must allege that the defendants conspired or acted jointly in concert and that some overt act was done in furtherance of the conspiracy. Sykes v. Cal., 497 F.2d 197, 200 (9th Cir. 1974). A conspiracy claim brought under § 1983 requires proof of "an agreement or meeting of the minds to violate constitutional rights," Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001) (quoting United Steel Workers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540–41 (9th Cir. 1989) (citation omitted)), and an actual deprivation of a constitutional right, Hart v. Parks, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting Woodrum v. Woodward Cnty., Oklahoma, 866 F.2d 1121, 1126 (9th Cir. 1989)). "To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy." Franklin, 312 F.3d at 441 (quoting United Steel Workers, 865 F.2d at 1541).

Here, to the extent Plaintiff is attempting to state a claim for conspiracy, he has failed to do so. Plaintiff makes vague and conclusory allegations that his brother conspired with Defendant and other county officials to harm him. However, there are no facts alleged that would lead to the reasonable inference that a conspiracy existed to violate Plaintiff's federal rights. For example, Plaintiff alleges that Alonzo was a well-known attorney, he personally knows Defendant, and his office was a block from where Defendant worked. But such familiarity and proximity are insufficient to infer that any conspiracy existed.

## V.

## ORDER AND RECOMMENDATIONS

Based on the foregoing, it is HEREBY ORDERED that the Clerk of the Court shall randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that:

1. This action proceeds on Plaintiff's retaliation claim against Defendant Gray based on extending his probation; and
2. All other claims be dismissed for failure to state a claim.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within **fourteen (14) days** of service of this recommendation, Plaintiff may file written objections to these

findings and recommendations with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **March 21, 2023**

UNITED STATES MAGISTRATE JUDGE